**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARIO D. BLUE,** | ) | **CASE NO. 1:22 CV 01518** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **MIDLAND CREDIT** | ) | |
| **MANAGEMENT, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* plaintiff Mario D. Blue filed a complaint against Midland Credit Management, Inc. in the Cuyahoga County Court of Common Pleas alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. Defendant removed the action and filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

## I. Background

In his complaint, Plaintiff states that he received a letter from Defendant, dated June 27, 2022, alleging that Plaintiff owed a debt. Plaintiff states that he did not give prior consent to Defendant to communicate with him regarding the debt and Defendant did not receive the express permission of a court to contact him about the alleged debt. (*See* Doc. No. 1-1). Plaintiff alleges therefore that Defendant violated 15 U.S.C. § 1692c(a).

Plaintiff also claims that the June 27, 2022 letter was deceptive and created the false

belief "that a person is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating." (*Id.*). Plaintiff alleges that such representation constitutes a violation of 15 U.S.C. § 1692j(a).

Finally, Plaintiff claims that the letter falsely used the name "Comenity Capital Bank" as Defendant's name. Plaintiff alleges this action constitutes a violation of 15 U.S.C. § 1692e(14).

Defendant filed an answer to the complaint and a motion for judgment on the pleadings pursuant to Rule 12(c). Plaintiff opposed both the answer (Doc. No. 7) and the motion (Doc. No. 8), and he filed a motion for summary judgment for statutory damages (Doc. No. 9).

## II. Standard of Review

Rule 12(c) motions for judgment on the pleadings are subject to the same standard as Rule 12(b)(6) motions to dismiss. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

A claim has facial plausibility when there is enough factual content present to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When a claim lacks "plausibility in th[e] complaint," that cause of action fails to state a claim upon which relief can be granted. *Twombly*, 550 U.S. at 564.

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998). The Court is not required, however, to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### III. Law and Analysis

The crux of Plaintiff's complaint is that the June 27, 2022 letter he received from Defendant violated the FDCPA. Plaintiff alleges the letter constituted a violation of 15 U.S.C. §§ 1692c(a), 1692j(a), and 1692e(14).

Plaintiff first claims that the letter violated 15 U.S.C. § 1692c(a) because Plaintiff did not give prior consent to Defendant to communicate with him about the debt, nor did Defendant receive express permission from a court to contact Plaintiff about the debt. Section 1692c(a) provides that Plaintiff's consent to communicate about a debt (or the court's permission) is required under three scenarios: (1) if the collection is "at any unusual time or place or a time or place known to be inconvenient to the consumer"; (2) if Defendant knows Plaintiff is represented by counsel; or (3) at Plaintiff's place of employment if Defendant knows the employer prohibits "the consumer from receiving such communication." 15 U.S.C. § 1692c(a).

Plaintiff's complaint contains no facts suggesting any of the above circumstances applies.

Plaintiff also appears to claim that Defendant violated 15 U.S.C. § 1692j(a) because Defendant used a "deceptive form," and the June 27 letter "created the false belief in the Plaintiff that a person is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating." (*See* Doc. No. 1-1 at 4). Section 1692j(a) provides that it is unlawful to furnish "any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor ... is participating in a collection of ... a debt such consumer allegedly owes such creditor, when in fact such person is not so participating." 15 U.S.C. § 1692j(a).

Here, Plaintiff's complaint does not allege that Defendant is "not participating in the collection of ... a debt." Rather, Plaintiff alleges that Defendant sent the June 27 letter alleging Plaintiff owed a debt. (*See* Doc. No. 1-1 at 4). And the June 27 letter states that "Midland Credit Management, Inc. is a debt collector ... trying to collect on [Plaintiff's debt] that [he] now owes to [Midland]." (*See id*. at 6).

Finally, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692e(14) because the June 27 letter "clearly shows the name of Comenity Capital Bank, ... which ... is not the true name of the debt's collector's business." (*Id.* at 4). Section 1692e(14) prohibits a debt collector from using "any business, company, or organization name other than the true name of the debt collector's business, company, or organization." 15 U.S.C. § 1692e(14). Here, the June 27 letter states that "Midland Credit Management, Inc. is a debt collector ... trying to collect on your COMENITY CAPITAL BANK debt that you now owe to [Midland]." The letter further states that "on June 21, 2022, your account was sold to Midland Credit Management, Inc., which is

now the sole owner of this debt. [Midland], a debt collection company, will be collecting on and servicing your account." (Doc. No. 1-1 at 6). Clearly, Defendant was not using the name "Comenity Capital Bank" as it own name but merely explaining that Comenity Capital Bank previously owned Plaintiff's account.

Plaintiff has failed to state a claim upon which relief can be granted for violations of the FDCPA.

### IV. Conclusion

For the foregoing reasons, Defendant's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is granted. Plaintiff's motion for summary judgment (Doc. No. 9) is denied. To the extent Plaintiff's objections to Defendant's answer (Doc. No. 7) and motion for judgment on the pleadings (Doc. No. 8) are deemed proper motions for summary judgment, these motions are also denied. This action is dismissed.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

11/2/2022

**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**